UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

KANYA TENNYSHA COLEMAN and
BRENDA ANN MICHELSON,

    Defendants.
_____/

No. CR 11-00904 PJH

**PRETRIAL ORDER NO. 1**

At the motion hearing on February 6, 2013, the court set a status conference on April 17, 2013, to set dates for briefing on the use of coconspirator statements. To provide guidance to the parties in preparing for the conference, the court sets forth below the relevant legal standards regarding the order of proof for introducing coconspirator statements for admission at trial and, in the interests of justice and to allow sufficient time for briefing, sets the briefing deadlines in advance of the status conference.

In order for a coconspirator statement to be *admissible* at trial under Federal Rule of Evidence 801(d)(2)(E), the prosecution must show by a preponderance of the evidence that: (1) the conspiracy existed when the statement was made; (2) the defendant had knowledge of, and participated in, the conspiracy; and (3) the statement was made "in furtherance" of the conspiracy. *United States v. Larson*, 460 F.3d 1200, 1212 (9th Cir. 2006), *adopted in relevant part on reh'g en banc*, 495 F.3d 1094, 1096 n.4 (9th Cir. 2007). However, the *introduction* of coconspirator statements is distinct from the issue of *admissibility*. That is in part because the court considers all of the evidence, even the defendants' evidence, in making the ultimate admissibility determination. *See* Graham, 30B Federal Practice & Procedure, Evidence § 7025, at 316-17 (2006 ed. & 2009 suppl.)

("[a]t the conclusion of the presentation of evidence, the trial court on motion must determine *on all the evidence including evidence offered by the defendant* whether the government has established the requisite foundation") (emphasis added).

It is within this court's discretion to determine the order of proof or the showing, if any, that is appropriate prior to the government's *introduction* of the coconspirator statements. *United States v. Arbelaz*, 719 F.2d 1453, 1460 (9th Cir. 1983) (concluding that it was not an abuse of discretion for the court to allow the government to introduce coconspirator statements prior to establishing prima facie the existence of a conspiracy). Courts have utilized various approaches regarding the order of proof. One such approach has been the provisional or conditional admission of the statement subject to it later being "connected up" at "the conclusion of the presentation of evidence," at which time the court must determine whether the government has established the requisite foundation (in this case, as set forth by the Ninth Circuit in *Larson*) to be more probably true than not true. *See* Graham, 30B Federal Practice & Procedure, Evidence § 7025; Mueller & Kirkpatrick, 4 Federal Evidence § 8:62, Procedure for Applying Coconspirator Exception (2007 suppl.); *Arbelaz*, 719 F.2d at 1460.

Another approach includes what has essentially been deemed a mini-trial or *James* hearing in advance of trial at which the court may consider each proffered coconspirator statement and determine whether the government has established the required foundational requirements as to each statement. *See* Graham, Federal Practice & Procedure, Evidence § 7025 (citing *United States v. James*, 590 F.2d 575, 581-82 (5th Cir. 1979)). In a third approach, which has been deemed the "middle course," the court requires the government to make a preliminary showing or summary of its evidence establishing the predicate facts, while deferring the final decision until the conclusion of the presentation of the evidence. *See* Mueller & Kirkpatrick, 4 Federal Evidence § 8:62; *see also United States v. Cox*, 923 F.2d 519, 526 (7th Cir. 1991) (the "preferable procedure would be to at least require the government to preview the evidence which it believes

brings the statements within the coconspirator rule before delving into the evidence at trial").

This court adopts the "middle course" on the government's requisite showing prior to introducing the coconspirator statements. In accordance with this approach, the court will preview prior to trial a summary of the coconspirator statements to be offered by the government. Following this preview, the court will determine which statements the government will be permitted to introduce, either through the testimony of a witness or by documentary evidence. Even though the ultimate finding as to admissibility will not be made until after the trial has commenced and perhaps as late as the close of the evidence, the witnesses will be permitted to testify about coconspirator statements and documents containing such statements will be published to the jury, subject to striking should the government not be able to meet its burden as to all requirements for admissibility. In this sense, the government's introduction of the statements which will have been previewed and approved by the court, will result in their conditional admission.

The court *may* at some point during trial, and prior to the close of the evidence, rule on whether the government has shown by a preponderance of the evidence two of the three prongs required for the admissibility of all of the proffered coconspirator statements, including that (1) the conspiracy existed when the statement was made; and (2) that the defendant had knowledge of, and participated in, the conspiracy. *Larson*, 460 F.3d at 1212. The court, however, will not determine until *after* the witness testifies and/or the documentary evidence containing the particular coconspirator statement is introduced whether or not the government has shown by a preponderance of the evidence that the statement was made "in furtherance" of the conspiracy. *See id.* A coconspirator statement will NOT be unconditionally admitted into evidence until the court has determined that all three *Larson* prongs have been satisfied as to that statement.

The government is required to file and serve a list of the coconspirator statements to be introduced at trial. In connection with each of the coconspirator statements, the

government should provide the following information:

    (1) the identity of the testifying witness and/or the source of the conspirator statement;

    (2) a statement describing the witness and/or the source of the conspirator statement;

    (3) a summary of the evidence showing that the proffering witness, if a coconspirator, knew about and participated in the conspiracy;

    (4) the *specific* coconspirator statements to be introduced via that witness and/or the source of the conspirator statement;

    (5) the identity of the declarant of *each* specific coconspirator statement; and

    (6) a summary of the evidence showing that *each* declarant of the coconspirator statement(s) knew about and participated in the conspiracy.

The government must file and serve the coconspirator statements, in addition to the information set forth above, **no later than Wednesday, April 17, 2013.**  Defendants may file their objections, if any, **no later than Wednesday, May 1, 2013.**  Defendants must object on a statement-by-statement basis and may not file an omnibus-type objection. The government may file a reply, if any, **no later than Wednesday, May 8, 2013.**  The court will rule on the matter at the pretrial conference set for May 22, 2013.

    **IT IS SO ORDERED.**

Dated:  March 8, 2013

                                            PHYLLIS J. HAMILTON
                                            United States District Judge