1
2
3
4                      UNITED STATES DISTRICT COURT
5                     NORTHERN DISTRICT OF CALIFORNIA
6
7   UNITED STATES OF AMERICA,
8                          Plaintiff,              Case No.  11-cr-00904-PJH-1
9          v.                                      **ORDER DISMISSING SECTION 2255
                                                   MOTION AND DENYING CERTIFICATE
10   KANYA TENNYSHA COLEMAN,                        OF APPEALABILITY**
11                          Defendant.
12
13          Before the court is the statement of defendant Kanya Tennysha Coleman

14   ("movant"), signed as Kanya Tennysha Hill, consenting to having her earlier letter for

15   judicial notice and review recharacterized as a motion pursuant to 28 U.S.C. § 2255 to

16   vacate, set aside or reduce her sentence.  The court construes movant's earlier filed

17   request for judicial review as a § 2255 motion and proceeds with an initial review.  For the

18   reasons set forth below, the § 2255 motion is DISMISSED.

19                                    **BACKGROUND**

20          By indictment filed December 8, 2011, movant was charged with one count of

21   conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349, two counts of

22   mail fraud in violation of 18 U.S.C. § 1341, and four counts of wire fraud in violation of 18

23   U.S.C. § 1343, based on allegations that movant, a licensed real estate broker, conspired

24   with others to operate a straw-buyer scheme to purchase real property and defraud cash

25   investors.  Pursuant to a plea agreement, movant was convicted of one count of

26   conspiracy to commit mail and wire fraud, sentenced to 48 months imprisonment and five

27   years of supervised release, and ordered to make restitution, with her co-defendant, in

28   the joint and several amount of $2,335,146.17.  Doc. no. 181.  The plea agreement

United States District Court
Northern District of California

1    provided that movant agreed "not to file any collateral attack on my conviction or

2    sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that I

3    reserve my right to claim that my counsel was ineffective in connection with the

4    negotiation of this Agreement or the entry of my guilty plea."  Doc. no. 135 ¶ 5.  The plea

5    agreement further provided, "I agree not to ask the Court to withdraw my guilty plea at

6    any time after it is entered unless the Court declines to accept the sentence agreed to by

7    the parties."  *Id.* ¶ 6.

8         On March 3, 2015, movant filed a pro se request for judicial notice and review,

9    seeking, among other things, "judicial review for unconstitutional acts by those bound by

10   Oath as officer of the court to insure equal protection under the Law," and asserting that

11   the United States of America "is not the Government of the United States [and] has not

12   legal capacity to sue."  Doc. no. 186.  The court issued an order stating that movant's

13   request for judicial notice and review would not be construed as an unrepresented, pro se

14   motion to withdraw the plea because movant was represented by counsel in plea

15   negotiations, entry of plea and sentencing.  Doc. no. 187.  The court also issued a notice,

16   pursuant to *Castro v. United States*, 540 U.S. 375, 377 (2003), of the potential adverse

17   consequences of recharacterizing the request for judicial review as a motion to vacate,

18   set aside or correct the sentence pursuant to 28 U.S.C. § 2255, and of the opportunity to

19   either (a) file a statement consenting to the recharacterization of her request for judicial

20   review as a § 2255 motion, or (b) file a motion bringing all claims for relief pursuant to

21   § 2255 in a single all-inclusive motion.  *Id.*  On March 18, 2015, movant filed a statement

22   expressing consent to recharacterize the request for judicial review as a § 2255 motion

23   and stating that the § 2255 motion "is not barred by a prior Plea Agreement in this matter

24   due to ineffective assistance of defense counsel, and threat, coercion and duress by

25   supposed executive branch civil officers."  Doc. no. 190.

26        Also on March 18, 2015, movant filed a pro se request to continue her self-

27   surrender date, which the court denied by order entered March 19, 2015.  Doc. nos. 188,

28   189.  Movant also filed a "Notice of Mistake/Vacate Plea Deal," stating "i am not the

United States District Court
Northern District of California

1  defendant; i wish immediately [sic] removal of said case and plea deal order."  Doc. no.

2  191.

3  ## DISCUSSION

4  **I.    Legal Standard**

5          Under 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside,

6  or correct a sentence on the grounds that "the sentence was imposed in violation of the

7  Constitution or laws of the United States, or that the court was without jurisdiction to

8  impose such sentence, or that the sentence was in excess of the maximum authorized by

9  law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  A prisoner filing a

10  claim for federal habeas relief under 28 U.S.C. § 2255 is entitled to an evidentiary

11  hearing "[u]nless the motion and the files and records of the case conclusively show that

12  the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *United States v. Leonti*, 326

13  F.3d 1111, 1116 (9th Cir. 2003).

14          The Sixth Amendment right to counsel guarantees effective assistance of counsel.

15  *See Strickland v. Washington*, 466 U.S. 668, 686 (1984).  A successful claim of

16  ineffective assistance has two components.  First, a defendant must show that counsel's

17  performance was deficient.  *Id.* at 687.  Deficient performance is representation that falls

18  below an objective standard of reasonableness.  *Id.* at 688.  Second, having established

19  deficient performance, the defendant must show he was prejudiced by counsel's errors;

20  that is, there must be a reasonable probability that but for counsel's unprofessional

21  errors, the result of the proceeding would have been different.  *Id.* at 694.  A reasonable

22  probability is a probability sufficient to undermine confidence in the outcome.  *Id.*

23          In order to demonstrate deficient performance, a habeas petitioner is required to

24  show that counsel made errors so serious that counsel was not functioning as the

25  "counsel" guaranteed by the Sixth Amendment.  *See Strickland*, 466 U.S. at 687.  The

26  relevant query is not what defense counsel could have done, but rather whether the

27  choices made by defense counsel were reasonable.  *See Babbitt v. Calderon*, 151 F.3d

28  1170, 1173 (9th Cir. 1998).  Judicial scrutiny of counsel's performance must be highly

United States District Court
Northern District of California

deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *See Strickland*, 466 U.S. at 689.  To show prejudice in the context of guilty pleas, the petitioner must demonstrate that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Strickland*, 466 U.S. at 694.

## II.     Initial Review of Section 2255 Motion

Pursuant to movant's statement of consent, her March 3, 2015, request for judicial notice and review is construed as a motion to vacate, set aside or reduce her sentence pursuant to 28 U.S.C. § 2255.  Section 2255 provides in part as follows:

> (a)     A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> (b)     Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. . . .

The court conducts an initial review of this motion to determine whether it presents a cognizable claim for relief and requires a response by the government.  A district court must summarily dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Movant asserts a claim of ineffective assistance of counsel in the entry of the guilty plea.  Movant contends that appointed defense counsel "used unregistered assumed names instead of their proper person name," and that "effective defense counsel would have questioned the existence of the sworn criminal complaint as required by the Federal

United States District Court
Northern District of California

1   Rules of Criminal Procedure, documents submitted into 2 different courts, the lack of

2   court seals, proceedings as a nonexistent 'criminal action' with fictional PLAINTIFF and

3   DEFENDANT." Doc. no. 190. Even liberally construed, neither of these assertions state

4   a colorable claim of ineffective assistance of counsel under § 2255. First, as a member

5   of the CJA panel, appointed defense counsel was required to satisfy strict qualifications,

6   including being a member of the bar in good standing, which obviate movant's allegations

7   that "Counsel required to be authorized to practice law are not acting in their official

8   capacity as officers of the court." Doc. no. 186. Second, there is no basis in the record

9   to substantiate movant's allegations that the indictment was a "nonexistent" criminal

10  proceeding. *See* doc. no. 1 (Indictment filed December 8, 2011). Movant thus fails to

11  establish deficient performance to support a claim for ineffective assistance of counsel in

12  the entry of the plea. The § 2255 motion also fails to establish prejudice in that movant

13  fails to show that, but for counsel's errors, she would not have pleaded guilty and would

14  have insisted on going to trial.

15          Movant also contends that the plea agreement was the result of "threat, coercion

16  and duress" by lawyers for the government, doc. no. 190, and asks the court to vacate

17  her plea deal, doc. no. 191. By entering the plea agreement, however, movant waived

18  any claim of prosecutorial misconduct or request to withdraw the guilty plea. Doc. no.

19  135 ¶¶ 5, 6. The § 2255 motion thus fails to state any cognizable claim for relief.

20                                      **CONCLUSION**

21          Upon review of the § 2255 motion, the record and the relevant authority, the court

22  concludes that the motion conclusively shows that movant is entitled to no relief. *See* 28

23  U.S.C. § 2255(b). Therefore, neither a hearing nor a response from the government is

24  required, and the motion is **DISMISSED WITH PREJUDICE**. *See Marrow v. United*

25  *States*, 772 F.2d 525, 526 (9th Cir. 1985). This is a final order disposing of the § 2255

26  motion for sentence relief.

27

28

**DENIAL OF CERTIFICATE OF APPEALABILITY**

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in a proceeding under § 2255 unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Williams v. Calderon*, 83 F.3d 281, 286 (9th Cir. 1996). Pursuant to Rule 11(a) Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability because reasonable jurists would not find debatable whether the § 2255 motion conclusively shows that movant is not entitled to relief. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Dated: April 7, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge