UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KANYA TENNYSHA COLEMAN,<br>Defendant. | Case No. 11-cr-00904-PJH-1<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**<br><br>Re: Doc. No. 199 |

Before the court is the motion of defendant Kanya Tennysha Coleman for reduction of sentence based on post-conviction rehabilitation. Doc. no. 199. Defendant is currently serving a sentence imposed by the court. Doc. no. 181. She argues that she has received 14 certificates of achievement since her incarceration and seeks a reduced sentence based on good behavior. By separate letter, she informs the court that her 18-year old daughter is being treated for mental health issues and asks the court to consider all these circumstances to reduce her sentence. Doc. no. 200.

In support of her motion for reduction of sentence, defendant cites 18 U.S.C. § 3742(e), a statutory provision authorizing direct appeal of a sentence to the court of appeals. This statutory provision does not authorize the district court to conduct its own review of the sentence. Rather, "[s]ection 3742 permits appellate consideration of whether a defendant's sentence was imposed in violation of law, was the result of an incorrect application of the sentencing guidelines, is outside the applicable guideline range, or was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable." *United States v. Torres*, 828 F.3d 1113, 1124 n.6 (9th Cir. 2016)

1  (citing 18 U.S.C. § 3742(e)). Section 3742(f) provides for the case to be remanded to the district court for further sentencing proceedings if the court of appeals determines that the sentence was imposed in error on any of the grounds set forth in the statute. 18 U.S.C. § 3742(f).

Defendant does not assert any ground for appellate review of the sentence under § 3742(e). Defendant cites *Pepper v. United States*, 562 U.S. 476 (2011), where the Supreme Court held that "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing." *Id.* at 490. The Court recognized that "district courts may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in § 3553(a), . . . both at a defendant's initial sentencing and at any subsequent resentencing after a sentence has been set aside on appeal." *Id.* (citing 18 U.S.C. § 3742(g)). The Court also recognized that "evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing." *Id.* at 491. However, this sentencing framework applies to resentencing under § 3742 only if a sentence has been appealed, set aside by the court of appeals, and remanded to the district court. Section 3742 does not give the district court authority, in the first instance, to reconsider a defendant's term of imprisonment after imposing the judgment.

A district court "generally 'may not modify a term of imprisonment once it has been imposed,'" except in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 819, 824 (2010) (quoting 18 U.S.C. § 3582(c)). One such exception under 18 U.S.C. § 3582(c)(2), which provides for modification of a term of imprisonment by giving courts the power to "reduce" an otherwise final sentence under circumstances specified by the Sentencing Commission, is not applicable here. *Id.* at 825-26 ("the provision applies only to a limited class of prisoners - namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission"). Liberally construed, defendant's motion does not raise any cognizable basis for reducing the term of

2

imprisonment. Because defendant does not raise any cognizable grounds for appellate review under § 3742(e), her motion for reduction of sentence will not be construed as a notice of appeal pursuant to § 3742(a).

Accordingly, defendant's motion to reduce sentence based on post-conviction rehabilitation is DENIED.

**IT IS SO ORDERED.**

Dated: May 11, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge